■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM CLARK, Respondent, v. ROBERT E. MURPHY, as Warden of Auburn Prison, Appellant.— Order unanimously reversed, without costs of this appeal to either party, writ dismissed, and relator remanded to the custody of the Warden of Auburn Prison. (See *People ex rel. Bell* v. *Murphy,* 18 A D 2d 17.) (Appeal by People from order of Cayuga County Court sustaining the writ of habeas corpus and ordering discharge of relator.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES LA PLACA, Appellant.— Same decision as in case of *People* v. *La Placa,* as to order entered September 4, 1962 (18 A D 2d 1130). (Appeal from order of Monroe County Court, August 17, 1959, denying defendant's petition to vacate judgment of conviction for murder second degree, rendered May 21, 1943.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

## (April 12, 1963)

■ In the Matter of CHARLES H. DOMSER, Respondent, v. THOMAS F. O'BOYLE, as Manager of the Motor Vehicle Accident Indemnification Corporation, Appellant.— Order unanimously reversed, without costs of this appeal to any party and proceeding dismissed, without costs, without prejudice to a proceeding under section 1450 of the Civil Practice Act. Memorandum: An article 78 proceeding based upon affidavits was instituted for a determination that a notice of intent to file a claim under the MVAIC clause of the petitioner's policy had been timely given. The court undertook to decide the question of the timeliness of the notice on the basis of the affidavits. The resulting order was improper for two reasons: (1) The question should not have been decided on affidavits in this action but a plenary hearing should have been held; (2) the proceeding under article 78 of the Civil Practice Act was unauthorized. The proper procedure is that authorized under section 1450 of the Civil Practice Act. A plenary hearing of substantial preliminary questions should be had under that section (*Matter of Rosenbaum* [*Amer. Sur. Co. of N. Y.*], 11 N Y 2d 310). (Appeal from order of Monroe Special Term directing respondent to accept a notice of claim.) Present — Williams, P. J., Bastow, Goldman, Halpern and McClusky, JJ.